Dear Ms. Massey:
You have requested an opinion of the Attorney General regarding the tax exempt status of the Woodlawn Riding Club, Inc. You specifically ask whether the Woodlawn Riding Club is entitled to an exemption from ad valorem taxes pursuant to Article VII, Section 21 (B)(1)(a) or Section 21 (B)(3) of the Louisiana Constitution of 1974.
It should be noted that the authority to determine exemptions from the payment of ad valorem taxes rests exclusively with the Louisiana Tax Commission pursuant to Article VII, Section 18(E) of the 1974 Louisiana Constitution. See Op. Atty. Gen. Nos. 93-632, 93-488, 93-392, 92-660, 89-599, 86-529. While this office does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making such a determination.
Article VII, Section 21 of the 1974 Louisiana Constitution provides in pertinent as follows:
 "In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * * * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is dedicated to be exempt from federal or state income tax; and
 * * * * *
 (3) property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, the property of a nonprofit corporation devoted to promoting trade, travel, and commerce, and also property of a trade, business, industry or professional society or association, if that property is owned by a nonprofit corporation or association organized under the laws of the state for such purposes.
This office has repeatedly stated that in order to qualify for an exemption from ad valorem taxes under constitutional Article VII, Section 21(B)(1)(a), the property must meet the four requirements of said article. They are as follows:
 1. A nonprofit corporation organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation is exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation.
A review of the Articles of Incorporation of the Woodlawn Riding Club indicates that it is a nonprofit corporation organized under the laws of this State, and particularly under Title 12, Section 201, et seq. of the Louisiana Revised Statutes. See Article I of the Articles of Incorporation. The purposes of the Woodlawn Riding Club are designated as "fostering and encouraging good horsemanship, and riding; to sponsor contests in horse shows; and in general to do any and all things usually associated with a riding club . . .". See Article III of the Articles of Incorporation. The Woodlawn Riding Club appears to meet the first requirement by being organized and operated for fraternal and educational purposes. (See LSA-Const. Art. VII, Section 21(B)(1)(a)).
The second requirement of Section 21(B)(1)(a) is also fulfilled by Article III of the club's Articles of Incorporation which provides that no part of the net earnings or other assets of the Woodlawn Riding Club shall inure to the benefit of any private member or individual.
The Articles of Incorporation are silent as to the third requirements stated herein. Consequently, we are unable to determine whether or not this requirement of federal or state income tax exemption is met.
The fourth requirement of the Section 21(B)(1)(a) is met as reflected by Article III of Articles of Incorporation, which state that the property of the Woodlawn Riding Club is owned, operated, leased or used consistent with and necessary or proper to achieve the main purposes of the Woodlawn Riding Club. We have concluded, supra, that these purposes are in conformity with the prerequisites of LSA-Const. Art. VII, Section 21(B).
It is the opinion of this office that the property owned by the Woodlawn Riding Club is exempt from ad valorem taxation. Our conclusion is predicated on the assumption that the corporation enjoys tax exempt status under Section 501(C)(3) of the Internal Revenue Code.
Your request also indicates that the Woodlawn Riding Club may be eligible for ad valorem tax exemption under Section 21(B)(3). This office has consistently interpreted the language of Article VII, Section 21(B)(3) to require that an organization have both a charitable and a fraternal purpose to acquire exemption through its provisions. See Op. Atty. Gen. Nos. 79-861, 79-861A, 89-350. Because the Articles of Incorporation of the Woodlawn Riding Club do not reveal any charitable corporate purpose in addition to its fraternal purpose, it does not qualify for exemption under Section 21(B)(3).
Should you have any further questions in which we may offer assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Ms. Joanna Massey, CLDA Chief Deputy Assessor for Ouachita Parish P.O. Box 1127 Monroe, LA 71210
Date Received: August 11, 1994
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL